Andre L. Verdun (SBN 265436)
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Eric A. LaGuardia (SBN 272791)
**LAGUARDIA LAW**
1455 Kettner Blvd, Ste. 214
San Diego, CA 92101
Tel. (619) 655-4322
Fax. (619) 655-4344
eal@laguardialaw.com

Attorneys for Plaintiff,
Gerald McGhee

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MCGHEE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> I.C. SYSTEM, INC. <br><br> Defendant. | Case No.: '13CV0909 MMA MDD <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); the California Rosenthal Act, Civil Code § 1788

*et seq.* ("Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Because Defendants do business within the State of California, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391.

## PARTIES

6. Plaintiff, GERALD MCGHEE, ("Plaintiff"), is a natural person residing in the State of California.

7. Defendant I.C. SYSTEM, INC., ("Defendant"), is a company doing business collecting debts in California operating from an address at 444 HIGHWAY 96 EAST, ST. PAUL, MN 55127-2557.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another.

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

10. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

11. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

///
///

## FACTUAL ALLEGATIONS

12. Sometime before July 9, 2012, Plaintiff is alleged to have incurred certain financial obligations.

13. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. The purported debt which Defendant attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code 1788.2(f).

15. Sometime thereafter, but before July 9, 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

16. Subsequently, but before July 9, 2012, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

17. On or about July 10, 2012, Defendant telephoned Plaintiff in an attempt to collect an alleged debt.

18. During the July 10, 2012 telephone call from Defendant, Plaintiff explained to Defendant that Plaintiff did not owe the money, that he disputes the debt, and told Defendant not to call Plaintiff on the telephone again.

19. Thereafter, Plaintiff received numerous telephone calls from Defendant.

20. On multiple subsequent occasions, Plaintiff again stated that he did not owe the alleged debt, that he disputes the debt, and demanded Defendant cease its calls to Plaintiff.

21. Despite Plaintiff's repeated assertions that Plaintiff does not owe the debt, and his demands that Defendant cease its telephone calls to Plaintiff, Defendant continued calling Plaintiff on the telephone almost daily, often multiple times in a single day, attempting to collect the alleged debt.

///

///

22. Each telephone is a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

23. By engaging in the above conduct, Defendant violated the language in 15 U.S.C § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt.

24. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

25. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

26. Through this conduct, Defendant caused a telephone to ring repeatedly or continuously to annoy the person called. Consequently, Defendant violated Cal. Civ. Code § 1788.11(d).

27. Through this conduct, Defendant communicated, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances. Consequently, Defendant violated Cal. Civ. Code § 1788.11(e).

28. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was

valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

29. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that included the amount of the debt. This omission by Defendant violated 15 U.S.C. § 1692g.

30. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that included the name of the creditor to whom the debt is owed. This omission by Defendant violated 15 U.S.C. § 1692g.

31. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that included a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. This omission by Defendant violated 15 U.S.C. § 1692g.

32. Because Defendant violated the language in 15 U.S.C. § 1692c, d and g, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c, d and g.

///
///
///

33. Plaintiff is 84 years old, a senior citizen within the meaning of California Civ. Code § 3345 and as a consequence of Defendant's wrongful conduct, Plaintiff is entitled to treble damages imposed by the trier of fact pursuant to Cal. Civ. Code § 3294.

# CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

34. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

36. Plaintiff is 84 years old, a senior citizen within the meaning of California Civ. Code § 3345 and as a consequence of Defendant's wrongful conduct, Plaintiff is entitled to treble damages imposed by the trier of fact pursuant to Cal. Civ. Code § 3294.

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT (ROSENTHAL ACT)

## CAL. CIV. CODE §§ 1788-1788.32

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

38. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

39. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

40. Plaintiff is 84 years old, a senior citizen within the meaning of California Civ. Code § 3345 and as a consequence of Defendant's wrongful conduct, Plaintiff is entitled to treble damages imposed by the trier of fact pursuant to Cal. Civ. Code § 3294.

## PRAYER FOR RELIEF

41. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

    • An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    • An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    • An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

    • An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

    • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

    • Treble damages pursuant to Civ. Code § 3345; and

- Any other relief that the court deems proper.

42. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

                                          LAGUARDIA LAW

Dated: April 9, 2013                By: s/Eric A. LaGuardia
                                              ERIC A. LAGUARDIA
                                              Attorney for Plaintiff,
                                              Gerald McGhee